**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT<br>30 North Gould Street<br>Suite 12848<br>Sheridan, WY 82801<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF ENERGY<br>1000 Independence Avenue SW<br>Washington, D.C. 20585<br><br>Defendant. | ) | Case No. 26-cv-3557 |

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO"), for its Complaint against Defendant UNITED STATES DEPARTMENT OF ENERGY ("DOE" or "the Department"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. Plaintiff seeks declaratory, injunctive, and other statutorily authorized relief. That relief includes the immediate processing and release of agency records responsive to two FOIA requests.

2. Both requests seek email records of scientists at DOE national laboratories. One request concerns Lawrence Berkeley National Laboratory. The other concerns Pacific Northwest National Laboratory. Both concern the presentation of the influential but now

admitted-implausible “RCP 8.5” emissions scenario as “business as usual” or as a “reference scenario,” and any contact on those subjects with specified outside parties.

3. DOE has ignored both requests. It has not acknowledged them. It has not assigned them agency tracking numbers. It has not sought clarification, invoked an extension, or estimated a completion date. And it has not made the “determination” that FOIA requires within twenty working days. *See Citizens for Responsibility & Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013) (“*CREW v. FEC*”). The statutory deadlines have run. GAO is therefore entitled to come to this Court.

## PARTIES

4. Government Accountability & Oversight (“GAO”) is a nonprofit research, public policy, and public interest educational center organized under the laws of Wyoming. GAO is dedicated to educating the public about responsible regulation and transparency in government. A key part of GAO’s work is seeking public records illuminating how policymakers use public resources, and with whom. GAO also has publication and other media functions, all of which include broad dissemination of public information obtained under open records and freedom of information laws.

5. Defendant United States Department of Energy is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of records responsive to Plaintiff’s FOIA requests, including records held on its behalf by the management and operating contractors of its national laboratories. Its headquarters is located in the District of Columbia.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. FOIA vests jurisdiction in "the district court of the United States . . . in the District of Columbia" "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e). The Defendant is a federal agency headquartered in the District of Columbia, and FOIA expressly permits suit in this District.

8. GAO is not required to pursue further administrative remedies before seeking relief in this Court. A requester "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C)(i). DOE has failed to make a timely "determination," as that term is defined in *CREW v. FEC*, 711 F.3d at 188, on either request. And because DOE has never responded at all, no administrative appeal is required. *See Oglesby v. U.S. Department of the Army*, 920 F.2d 57, 63–64 (D.C. Cir. 1990).

## BACKGROUND

### A. The records GAO seeks are DOE records, even though contractors operate the laboratories.

9. Lawrence Berkeley National Laboratory ("LBNL") is a DOE Office of Science national laboratory in Berkeley, California. The University of California manages and operates LBNL for DOE under Contract No. DE-AC02-05CH11231.

10. Pacific Northwest National Laboratory ("PNNL") is a DOE Office of Science national laboratory in Richland, Washington. Battelle Memorial Institute manages and operates PNNL for DOE under Contract No. DE-AC05-76RL01830.

11. DOE's acquisition regulations require that its management and operating contracts contain a clause titled "Access to and Ownership of Records." 48 C.F.R. § 970.5204-3. That clause provides that, with exceptions not relevant here, "all records acquired or generated by the contractor in its performance of this contract . . . shall be the property of the Government." *Id.* § 970.5204-3(a). On information and belief, the contracts for LBNL and PNNL contain that clause or its materially identical predecessor.

12. DOE's own FOIA regulations then answer the access question. "When a contract with DOE provides that any records acquired or generated by the contractor in its performance of the contract shall be the property of the Government, DOE will make available to the public such records that are in the possession of the Government or the contractor, unless the records are exempt from public disclosure under 5 U.S.C. 552(b)." 10 C.F.R. § 1004.3(b)(1).

13. The records GAO seeks are emails of laboratory scientists concerning scientific scenarios used in federal climate assessments. On information and belief, they are records generated in the performance of the laboratories' contracts with DOE. They do not fall within any category of contractor-owned records listed in 48 C.F.R. § 970.5204-3(b). They are therefore Government-owned records subject to FOIA.

14. Each request said as much. Each explained that DOE "directs that requests for laboratory records be made to the Department rather than to the contractor." Each sought "all responsive records in the Department's possession or control, including records held or maintained on the Department's behalf by its management and operating

contractor." And each asked that, if another DOE office was the proper recipient, DOE "route this request there and so advise me." *See* Exhibits A, C.

**B. The requests concern a matter of substantial public interest.**

15. As GAO explained in each request, the records concern the use of the RCP 8.5 emissions scenario as a central framing scenario for the Fourth National Climate Assessment. That federal report supplies much of the scientific basis for climate regulation and litigation. *See* Exhibits A, C, Part 7.

16. RCP 8.5 is a high-end emissions pathway. Its portrayal as "business as usual" has drawn sustained criticism within the scientific literature itself. *See* Zeke Hausfather & Glen P. Peters, *Emissions – the 'business as usual' story is misleading*, 577 Nature 618 (2020). Earlier this year, it was formally acknowledged to be implausible. *See* Roger Pielke, Jr., *No, RCP8.5 Did Not Become Implausible Because of Climate Policy*, May 18, 2026, https://rogerpielkejr.substack.com/p/no-rcp85-did-not-become-implausible.

17. How and why taxpayer-funded scientists presented that scenario as "business as usual," and whether anyone outside the federal government influenced or coordinated that choice, are matters of public concern. GAO seeks the records to inform the public on those questions. GAO publishes its findings at https://govoversight.org and disseminates them broadly.

**PLAINTIFF'S JULY 22, 2026 FOIA REQUEST**

(Lawrence Berkeley National Laboratory)

18. On July 22, 2026, GAO submitted a FOIA request to DOE through the FOIA.gov National FOIA Portal. A true and correct copy of the request letter is attached

as Exhibit A. A true and correct copy of the FOIA.gov submission confirmation is attached as Exhibit B.

19. The FOIA.gov portal confirmed that the request "has been created and is being sent to the Chicago Office." Exhibit B. The portal assigned the request Submission ID 3044551. *Id.*

20. DOE's Chicago Office is one of the DOE offices that DOE's regulations designate to receive FOIA requests. 10 C.F.R. § 1004.2(h)(3).

21. The request sought all email messages sent or received by Michael F. Wehner, Senior Scientist, Applied Mathematics and Computational Research Division, LBNL, between March 1, 2026 and July 21, 2026, inclusive, that satisfied two conditions. Exhibit A, Part 1.

a. First, the message had to contain, anywhere in the sender or recipient fields, subject line, body, or any attachment, at least one of these terms: "NASEM"; "attribute"; "attribution"; "RCP 8.5"; "RCP8.5"; "business as usual"; "BAU" as a freestanding term; or "reference scenario." *Id.*

b. Second, the message also had to contain at least one of these terms: "Burger"; "Sabin"; "Edling"; "Merner"; "Heede"; "Wiles"; "Worthington"; "@climateintegrity.org"; or "climate accountability." *Id.*

22. To minimize any burden upon DOE, the request excluded seven categories of records from processing. These included mass-distribution emails, newsletters and press clippings, subscription emails, draft attachments (while still producing the parent email), automatically generated messages, published or docketed materials, and records

not naming the custodian as a sender or recipient. Exhibit A, Part 1. It also asked DOE to treat exact duplicates as non-responsive. *Id.*

23. The request asked DOE to search archived, backup, and separated-employee accounts, and to produce records in native electronic format with full transmission data. Exhibit A, Parts 2–3.

24. GAO requested classification as a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii)(II) and, in the alternative, a public-interest fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii). Exhibit A, Part 6; Exhibit B. GAO also agreed to pay up to $250.00 in fees and asked for an itemized estimate before DOE exceeded that amount. Exhibit A, Part 6; Exhibit B.

25. The request thus satisfied DOE's requirement that a request include "an assurance to pay those fees not exceeding some specified dollar amount, or . . . a request for a waiver or reduction of fees." 10 C.F.R. § 1004.4(e). It included both.

**PLAINTIFF'S AUGUST 24, 2026 FOIA REQUEST**

(Pacific Northwest National Laboratory)

26. On August 24, 2026, GAO submitted a second FOIA request to DOE through the FOIA.gov National FOIA Portal. A true and correct copy of the request letter is attached as Exhibit C. A true and correct copy of the FOIA.gov submission confirmation is attached as Exhibit D.

27. The FOIA.gov portal confirmed that the request "has been created and is being sent to the Office of Scientific and Technical Information." Exhibit D. The portal assigned the request Submission ID 3123811. *Id.*

28. DOE's Office of Scientific and Technical Information is one of the DOE offices that DOE's regulations designate to receive FOIA requests. 10 C.F.R. § 1004.2(h)(13).

29. The request sought email messages sent or received by Claudia Tebaldi of PNNL's Joint Global Change Research Institute, a partnership between PNNL and the University of Maryland. Exhibit C, Part 1. It covered two periods: March 1, 2026 through August 24, 2026, inclusive, and January 20, 2021 through January 30, 2023, inclusive. *Id.* Each responsive message had to satisfy two conditions.

a. First, the message had to include, anywhere in the sender or recipient fields, subject line, body, or any attachment, at least one of seventeen specified names, terms, or email addresses. These included "NASEM," "Burger," "Edling," "Merner," "Heede," "Wiles," "Worthington," and "@climateintegrity.org," along with nine specific individual email addresses. *Id.*

b. Second, the message also had to include at least one of these terms: climate accountability; NASEM; endangerment; attribute; attribution; RCP 8.5; RCP8.5; business as usual; business-as-usual; BAU, as a freestanding term; or reference scenario. *Id.*

30. The request contained the same seven exclusions from processing, the same duplicate-record limitation, and the same requests for a search of archived and backup accounts and for production in native electronic format. Exhibit C, Parts 1–3.

31. GAO again requested classification as a representative of the news media and, in the alternative, a public-interest fee waiver. Exhibit C, Part 6; Exhibit D. GAO

again agreed to pay up to $250.00 in fees. *Id.* The request thus satisfied 10 C.F.R. § 1004.4(e).

## DOE HAS MADE NO DETERMINATION ON EITHER REQUEST

### A. DOE has said nothing at all.

32. Since GAO submitted the requests, DOE has not communicated with GAO about either request in any fashion. Apart from the FOIA.gov portal's automated submission confirmations, GAO has received nothing.

33. Specifically, DOE has not:

a. acknowledged receipt of either request;

b. assigned either request an agency tracking number, as 5 U.S.C. § 552(a)(7)(A) requires for "each request received that will take longer than ten days to process";

c. requested any information or clarification from GAO, whether about the scope of the requests or about fees;

d. issued any written notice of "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B)(i);

e. ruled on GAO's request for news-media status or its alternative request for a fee waiver;

f. informed GAO of the scope of the records DOE will produce or withhold, or of the reasons for any withholding;

g. advised GAO of any right to appeal; or

h. produced a single responsive record.

34. Nor did DOE route either request to a different office and so advise GAO, as each request invited DOE to do.

**B. The statutory deadlines for both requests have passed.**

35. FOIA requires an agency to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request." 5 U.S.C. § 552(a)(6)(A)(i). The agency must then "immediately notify the person making such request of . . . such determination and the reasons therefor." *Id.*

36. The twenty-day period "shall commence on the date on which the request is first received by the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency that is designated in the agency's regulations under this section to receive requests under this section." 5 U.S.C. § 552(a)(6)(A)(ii).

37. DOE's regulations are to the same effect. A request "will be considered to be received by DOE for purposes of 5 U.S.C. 552(a)(6) and the 20-day response period will start upon actual receipt by the appropriate FOIA Officer, or not later than ten days after receipt by a designated FOIA Officer at any location in § 1004.2(h)." 10 C.F.R. § 1004.4(a).

38. The LBNL request was submitted on Wednesday, July 22, 2026, and sent to the Chicago Office, a designated FOIA office. Twenty working days later was Wednesday, August 19, 2026. Even if the twenty-day period had not begun until ten working days after submission, the deadline would have fallen on Wednesday, September 2, 2026. Even if DOE had also taken a ten-working-day extension for unusual circumstances, which it never invoked, the deadline would have fallen on Thursday, September 17, 2026. All of those dates have passed.

39. The PNNL request was submitted on Monday, August 24, 2026, and sent to the Office of Scientific and Technical Information, a designated FOIA office. Excluding the Labor Day holiday on September 7, 2026, twenty working days later was Tuesday, September 22, 2026. Even if the twenty-day period had not begun until ten working days after submission, the deadline would have fallen on Tuesday, October 6, 2026. Both dates have passed.

40. DOE could not extend either deadline. An extension for unusual circumstances requires "written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). DOE sent no such notice for either request. And even a proper notice may not "specify a date that would result in an extension for more than ten working days," except in circumstances not present here. *Id.*

41. DOE did not toll either deadline. FOIA permits tolling only while the agency awaits information it has reasonably requested from the requester, or while it clarifies fee issues with the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I)–(II). DOE made no such request of GAO.

## C. DOE's silence is not a "determination," and GAO has constructively exhausted its remedies.

42. Under the precedent of this Circuit, within the statutory deadline,

> a "determination" under Section 552(a)(6)(A)(i) must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future. Rather, in order to make a "determination" and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester

> that it can appeal whatever portion of the "determination" is adverse.

*CREW v. FEC*, 711 F.3d at 188.

43. DOE has done none of these things. It has not even done the lesser thing the D.C. Circuit held insufficient: it has not told GAO that it will comply in the future. It has said nothing.

44. The consequence is set by statute. GAO "shall be deemed to have exhausted [its] administrative remedies with respect to such request." 5 U.S.C. § 552(a)(6)(C)(i). As the D.C. Circuit put it, "[i]f the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." *CREW v. FEC*, 711 F.3d at 189–90.

**D. DOE has forfeited its ability to charge GAO search or duplication fees.**

45. FOIA provides that "Except as provided in subclause (II), an agency shall not assess any search fees (or in the case of a requester described under clause (ii)(II) of this subparagraph, duplication fees) under this subparagraph if the agency has failed to comply with any time limit under paragraph (6)." 5 U.S.C. § 552(a)(4)(A)(viii)(I). Clause (ii)(II) describes representatives of the news media, the status GAO requested.

46. The statute's limited exceptions depend on the agency having "provided a timely written notice to the requester in accordance with paragraph (6)(B)." 5 U.S.C. § 552(a)(4)(A)(viii)(II)(aa). DOE provided no such notice. DOE therefore may not assess search fees against GAO for either request. If GAO is a representative of the news media, as it contends, DOE also may not assess duplication fees.

47. DOE has also failed to make any determination on GAO's requests for news-media status and, in the alternative, for a public-interest fee waiver. Because it has blown

past the relevant statutory deadlines, DOE cannot assess search fees. *Bensman v. National Park Service*, 806 F. Supp. 2d 31, 36 (D.D.C. 2011) (when the agency exceeded FOIA's twenty-working-day deadline, it cannot assess search fees).

## COUNT ONE

### Violation of FOIA: Failure to Make a Timely Determination and to Produce Records (LBNL Request, FOIA.gov Submission ID 3044551)

48. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

49. Plaintiff properly requested records within DOE's possession, custody, or control, including Government-owned records held on DOE's behalf by LBNL's management and operating contractor.

50. DOE failed to make a determination on the request within the time FOIA requires. 5 U.S.C. § 552(a)(6)(A)(i).

51. DOE has failed to make reasonable efforts to search for responsive records, 5 U.S.C. § 552(a)(3)(C), and has failed to make responsive records "promptly available" to Plaintiff, 5 U.S.C. § 552(a)(3)(A).

52. Plaintiff has a statutory right to the records it seeks. DOE has unlawfully withheld them. Plaintiff has constructively exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT TWO

### Violation of FOIA: Failure to Make a Timely Determination and to Produce Records (PNNL Request, FOIA.gov Submission ID 3123811)

53. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

54. Plaintiff properly requested records within DOE's possession, custody, or control, including Government-owned records held on DOE's behalf by PNNL's management and operating contractor.

55. DOE failed to make a determination on the request within the time FOIA requires. 5 U.S.C. § 552(a)(6)(A)(i).

56. DOE has failed to make reasonable efforts to search for responsive records, 5 U.S.C. § 552(a)(3)(C), and has failed to make responsive records "promptly available" to Plaintiff, 5 U.S.C. § 552(a)(3)(A).

57. Plaintiff has a statutory right to the records it seeks. DOE has unlawfully withheld them. Plaintiff has constructively exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## PRAYER FOR RELIEF

Government Accountability & Oversight respectfully requests that this Court:

a. Assume jurisdiction in this matter, and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

b. Declare that Defendant has violated FOIA by failing to make timely determinations on Plaintiff's requests, by failing to make reasonable efforts to search for responsive records, and by failing to make responsive records promptly available to Plaintiff;

c. Declare that the records sought by the requests, including Government-owned records held by Defendant's management and operating contractors for LBNL and PNNL, are agency records subject to disclosure under 5 U.S.C. § 552 *et seq.*;

d. Order Defendant to conduct a search reasonably calculated to uncover all responsive records, including in archived, backup, and separated-employee accounts and in records held on Defendant's behalf by its contractors;

e. Order Defendant to produce to Plaintiff, within 20 business days of the Court's order, all non-exempt responsive records and reasonably segregable portions of records, in native electronic format, and without the assessment of any fees;

f. Order Defendant to produce a *Vaughn* index of any records or portions of records withheld under a claim of exemption, and order the Parties to file a joint status report proposing a schedule for resolving any remaining issues;

g. Declare that Defendant may not assess search or duplication fees for either request, and, in the alternative, order Defendant to grant Plaintiff's requests for news-media status or a fee waiver;

h. Award Plaintiff its reasonable attorney fees and other litigation costs reasonably incurred under 5 U.S.C. § 552(a)(4)(E); and

i. Grant such other relief as this Court deems just and proper.

Respectfully submitted on October 12, 2026,

GOVERNMENT ACCOUNTABILITY &
OVERSIGHT
By Counsel:

/s/ Matthew D. Hardin
Matthew D. Hardin
D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive # 11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com